43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUNTINGTON BANKS OF MICHIGAN, Successor-in-Interest to
Liberty State Bank and Trust, Plaintiff-Appellee,
v.
METRO PASSBOOK, INC.; Defendant,
David A. Kersh; Defendant-Appellant,
Danica Kersh; Alan Gildenberg. Defendants.
 No. 94-1646.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 Before: MERRITT, Chief Judge; JONES and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 David A. Kersh appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, Liberty State Bank sued Metro Passbook, Inc., and its owner, David Kersh, to collect on a defaulted $100,000 loan. The action was removed to federal court on the basis of diversity jurisdiction. In 1984, the district court entered judgment in favor of Liberty State Bank and against the defendants. In 1987, this court reversed the district court's final judgment and remanded the case for a determination of whether sufficient diversity of citizenship existed among the parties. The district court subsequently determined that diversity jurisdiction did exist between the parties. This court dismissed the resulting appeal because Kersh did not file a joint appendix in conformity with the rules of this court. Liberty State Bank & Trust v. Metro Passbook, Inc., Case Nos. 89-2030/91-2122 (6th Cir. June 8, 1992) (unpublished per curiam). Following the dismissal of his appeal, Kersh returned to the district court and filed a motion requesting relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). The district court determined that the motion was untimely and without merit and thus denied the motion. On appeal, this court affirmed the district court's judgment and imposed sanctions against Kersh. Huntington Banks of Michigan v. Metro Passbook, Inc., Case No. 93-1612 (6th Cir. Nov. 30, 1993) (unpublished order).
 
 
 3
 Kersh then returned to the district court and filed another motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The district court determined that the motion was without merit and denied the motion. Approximately one week later, Kersh filed another motion for relief from judgment pursuant to Rule 60(b). The district court determined that this motion was also without merit and denied the motion. Kersh has filed a timely appeal from the denial of this motion. Kersh has requested initial en banc consideration in this case. The appellee has requested that sanctions be imposed against Kersh and that this court enjoin him from further pursuing this matter.
 
 
 4
 Upon review, we affirm the district court's judgment. Kersh has not shown an unusual or extreme situation mandating relief under Rule 60(b)(6). Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990).
 
 
 5
 The appellee requests that sanctions be imposed against Kersh. As we believe that Kersh's appeal is entirely frivolous, unreasonable, and without foundation, we grant the appellee its reasonable attorney fees and double costs pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 6
 Accordingly, we deny Kersh's request for initial en banc review and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. Reasonable attorney fees and double costs are hereby awarded to the appellee pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. An itemized and verified bill for the costs and attorney fees may be filed with the clerk of this court, with proof of service, within fourteen days after the entry of this order.
 
 
 7
 Lastly, the appellee has requested that we enjoin Kersh from filing any future pleadings or appeals in this matter. The present appeal is Kersh's third non-meritorious appeal filed regarding this matter; the last two appeals have been patently frivolous, as reflected by this court's imposition of sanctions in both appeals. In the prior appeal, Huntington Banks of Michigan v. Metro Passbook, Inc., No. 93-1612 (6th Cir. Nov. 30, 1993) (order), this court warned Kersh that, if he persisted in filing frivolous appeals, this court may sanction him, including imposing restrictions on his filing of future appeals without the permission of the court. Despite this warning, Kersh proceeded to file two frivolous Rule 60(b) motions in the district court and the present frivolous appeal. This abuse of the judicial process must end. We order Kersh to show cause in writing not later than thirty days from the file date of this order why an injunction should not issue, prohibiting him from filing any further pleadings in the district court or appeals with this court against the appellee that relate to the subject matter of this protracted litigation. A copy of the proposed injunction is attached hereto as an appendix.
 
 APPENDIX
 No. 94-1646
 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT
 
 8
 Huntington Banks of Michigan,
 
 Successor-in-Interest to
 
 9
 Liberty State Bank and Trust, Plaintiff-Appellee,
 
 
 10
 v.
 
 
 11
 Metro Passbook, Inc.; Defendant,
 
 
 12
 David A. Kersh; Defendant-Appellant,
 
 
 13
 Danica Kersh; Alan Gildenberg. Defendants.
 
 ORDER
 
 14
 Upon consideration of the court, it is hereby ORDERED that Mr. David Kersh and his agents, legal or personal, be enjoined from filing any further pleadings or appeals arising out of the subject matter of Huntington Banks of Michigan, as successor to Liberty State Bank & Trust v. David Kersh, District Court Case No. 82-74881 (E.D.Michigan), without first obtaining leave of the court in which he seeks to file the pleading or appeal.
 
 
 15
 In order to obtain leave of court, Kersh shall certify that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court. He shall certify that his action is taken in good faith and that the claims he raises are not frivolous or malicious.
 
 
 16
 A motion for leave to appeal must be captioned "Application Pursuant to Court Order Seeking Leave to File," and Mr. Kersh must affix a copy of this order to that motion. This motion must be filed with this court within ten days after Kersh files a notice of appeal for which leave of court must first be obtained. Failure to comply strictly with the terms of this injunction will be grounds for summarily denying leave to file. Pleadings considered malicious, frivolous, or brought in bad faith may be grounds for civil contempt proceedings.
 
 
 17
 The following procedures shall govern any appeals in this court filed by David Kersh against the appellee until such time as the court may order otherwise.
 
 
 18
 Upon timely receipt of a complete petition for leave to appeal, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the petition and the record to determine whether Kersh's appeal presents a colorable claim.